UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

SHEILA PARKMAN,

Plaintiff,

v.

KALAMAZOO COUNTY,

Defendant.

Case No. 26-cv-2017

HON. HALA Y. JARBOU
MAG. JUDGE PHILIP J. GREEN

---

Carla D. Aikens (P69530)
Carla D. Aikens, PLC
615 Griswold Street, Ste. 709
Detroit, MI 48226
(844) 835-2993
carla@aikenslawfirm.com

Allan C. Vander Laan (P33893)
Kristen L. Rewa (P73043)
Cummings, McClorey, Davis & Acho, PLC
Attorneys for Defendant
2851 Charlevoix Drive, SE, Suite 203
Grand Rapids, MI 49546
(616) 975-7470
avanderlaan@cmda-law.com
krewa@cmda-law.com

---

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT WITH RELIANCE ON JURY DEMAND**

NOW COMES Defendant, Kalamazoo County, by and through its attorneys, Cummings, McClorey, Davis & Acho, PLC and for its Answer to Plaintiff's Complaint states as follows:

**JURY DEMAND**

1. Plaintiff demands a trial by jury on all issues so triable.

**ANSWER: Plaintiff's paragraph No. 1 does not plead an allegation; therefore, no response is required. Defendant relies on Plaintiff's jury demand.**

## PARTIES

2. Plaintiff Shelia Parkman is an individual who resides in Kalamazoo County, Michigan.

   **ANSWER: Admitted, upon information and belief.**

3. Plaintiff is African American/Black, female, and was over the age of forty at the time of her termination.

   **ANSWER: Admitted.**

4. Defendant Kalamazoo County is a Michigan municipal entity and public employer that employed Plaintiff through its court operations, including the Kalamazoo County 9th Circuit Court.

   **ANSWER: Admitted.**

5. Defendant operated, funded, administered, controlled, and/or participated in personnel decisions for employees working in the 9th Circuit Court and related finance functions.

   **ANSWER: Admitted.**

6. Defendant employed Plaintiff for approximately twenty years.

   **ANSWER: Admitted.**

7. Defendant employed more than fifteen employees during the relevant period and was an employer within the meaning of Title VII of the Civil Rights Act of 1964.

   **ANSWER: Admitted that Defendant employed more than fifteen people during the relevant time period. As for the remaining allegations in this paragraph, they are neither admitted nor denied, as they are conclusions of law for which no answer is required.**

8. Defendant was an employer and person within the meaning of the Michigan Elliott-Larsen Civil Rights Act.

**ANSWER: This paragraph states a conclusion of law for which no answer is required. To an extent an answer is required, admitted that Defendant was Plaintiff's employer.**

9. Defendant was an employer within the meaning of Michigan law governing the payment of wages and fringe benefits.

**ANSWER: This paragraph states a conclusion of law for which no answer is required. To an extent an answer is required, admitted that Defendant was Plaintiff's employer.**

## JURISDICTION, VENUE, AND EXHAUSTION

10. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 because this action arises under Title VII of the Civil Rights Act of 1964.

**ANSWER: This paragraph states a conclusion of law for which no answer is required. To an extent an answer is required, Defendant does not contest subject matter jurisdiction.**

11. This Court has supplemental jurisdiction over Plaintiff's related state-law claims under 28 U.S.C. § 1367 because those claims arise from the same employment relationship, discriminatory treatment, investigation, reprimand, termination, and withholding of earned benefits.

**ANSWER: This paragraph states a conclusion of law for which no answer is required. To an extent an answer is required, Defendant does not contest jurisdiction.**

12. Venue is proper in the Western District of Michigan under 28 U.S.C. § 1391 because the events giving rise to Plaintiff's claims occurred in Kalamazoo County, Michigan, and Defendant resides in this District.

**ANSWER: This paragraph states a conclusion of law for which no answer is required. To an extent an answer is required, Defendant does not contest venue.**

13. Assignment to the Southern Division is proper because Kalamazoo County is located in the Southern Division of the Western District of Michigan.

**ANSWER: This paragraph states a conclusion of law for which no answer is required. To an extent an answer is required, Defendant does not contest venue.**

14. Plaintiff timely filed a charge of discrimination with the Michigan Department of Civil Rights and the Equal Employment Opportunity Commission, identified as MDCR Case No. 651909 and EEOC Case No. 23A-2025-00363.

**ANSWER: Admitted only that Plaintiff file a charge of discrimination with the Michigan Department of Civil Rights and the Equal Employment Opportunity Commission, MDCR Case No. 651909 and EEOC Case No. 23A-2025-00363. As for the remaining allegations in this paragraph, neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted herein and therefore leaves Plaintiff to her proofs.**

15. The charge alleged that Defendant discharged Plaintiff on June 14, 2024 because of her race and sex.

**ANSWER: Neither admitted, nor denied, as the charge speaks for itself.**

16. The United States Department of Justice issued Plaintiff a Notice of Right to Sue for her Title VII claims.

**ANSWER: Neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her proofs. By way of further answer, Defendant is aware that Plaintiff withdrew her complaint, which resulted in the MDCR issuing a Notice of Disposition and Order of Dismissal dated February 12, 2026.**

17. Plaintiff files this action within 90 days of receiving the Notice of Right to Sue.

**ANSWER: Neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her proofs. By way of further answer, Defendant is aware that Plaintiff withdrew her complaint, which resulted in the MDCR issuing a Notice of Disposition and Order of Dismissal dated February 12, 2026.**

18. All conditions precedent to the filing of this action have occurred, have been satisfied, or have been waived.

**ANSWER: Denied that Defendant has waived any conditions precedent of filing of this action. As for the remaining allegations in this paragraph, neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted herein and therefore leaves Plaintiff to her proofs. By way of further answer, Defendant is aware that**

**Plaintiff withdrew her complaint, which resulted in the MDCR issuing a Notice of Disposition and Order of Dismissal dated February 12, 2026.**

## FACTUAL ALLEGATIONS

19. Plaintiff began working for Defendant on or about March 15, 2004.

**ANSWER: Admitted.**

20. Plaintiff served Defendant and the public for approximately twenty years.

**ANSWER: Admitted only that Plaintiff was employed by the County for approximately 20 years. As for the remaining allegations in this paragraph, neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted herein and therefore leaves Plaintiff to her proofs.**

21. Plaintiff last worked as a Collection and Reimbursement Supervisor for Defendant at the 9th Circuit Court located at 330 Eleanor Street in Kalamazoo, Michigan.

**ANSWER: Admitted.**

22. Plaintiff's rate of pay at termination was approximately $35.25 per hour.

**ANSWER: Admitted, upon information and belief.**

23. Plaintiff had significant institutional knowledge concerning collection, reimbursement, finance, bench-warrant arraignment, and court-related processes.

**ANSWER: Neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her proofs.**

24. Plaintiff performed her work satisfactorily and was qualified for her position.

**ANSWER: Denied as untrue.**

25. Before Defendant's change in leadership, Plaintiff's career with Defendant was uneventful, and her evaluations were above average with no identified problem area.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement in the form and format pleaded.**

26. Plaintiff received workplace recognition, including outstanding customer service recognition in or around 2019.

**ANSWER: Neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her strict proofs.**

27. Plaintiff's prior supervisors included Susan Sayle from approximately 2004 to 2019 and Jason Pechawer from approximately 2019 to February 2024.

**ANSWER: Admitted only that Susan Sayles and Jason Pechawer were Plaintiff's supervisors. As for the remaining allegations, neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her strict proofs.**

28. Amanda Morse became Finance Administrator in or around April 2024.

**ANSWER: Admitted, upon information and belief.**

29. Chad Kewish was Court Administrator during the relevant period.

**ANSWER: Admitted that Chad Kewish was Court Administrator in June 2024.**

30. Nigel Crum was Trial Division Administrator during the relevant period.

**ANSWER: Admitted only that Nigel Crum is and was a County Employee serving in roles, which included Friend of the Court and Deputy Court Administrator. As for the remaining allegations, neither admitted nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her strict proofs.**

31. Plaintiff supervised employees including Stephania Brown and Michael Slater.

**ANSWER: Admitted.**

32. Jason Pechawer did not complete a performance evaluation for Plaintiff before leaving his position in or around February 2024.

**ANSWER: Admitted only that the supervisor position was vacate and the time of the review, and therefore, Plaintiff's performance evaluation was not completed by Mr. Pechawer. By way of further answer, Plaintiff's performance evaluation for review period 3/20/2023 – 3/20/2024 was completed by the Court Administrator. As for the remaining allegations, neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her strict proofs.**

33. Plaintiff was required to maintain her department while understaffed because, when staff members left, positions were not filled even though the tasks remained.

**ANSWER: Neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her proofs.**

34. In or around October or November 2023, Defendant created a new position that included duties previously assigned to Jason Pechawer that he had been unable to handle.

**ANSWER: Neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her proofs.**

35. Defendant used a vacant position from Plaintiff's former direct reports to add the new position.

**ANSWER: Neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her proofs.**

36. Defendant repeatedly asked Plaintiff for tasks and duties for the new position as though the position would be posted for her department.

**ANSWER: Neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her proofs.**

37. Plaintiff applied for the position after it was posted.

**ANSWER: Neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her proofs.**

38. Plaintiff received only one interview and was not given the courtesy of a second interview.

**ANSWER: Neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her proofs.**

39. After Defendant did not select Plaintiff, Plaintiff was required to train her new boss, Jason Pechawer.

**ANSWER: Neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her proofs.**

40. Jason Pechawer did not listen to Plaintiff, was unable to follow protocol, and contributed to the lack of leadership in the department.

**ANSWER: Neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her proofs.**

41. Plaintiff had several meetings with Chad Kewish and Nigel Crum regarding Jason Pechawer and the lack of leadership in the department.

**ANSWER: Neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her proofs.**

42. During her employment, Plaintiff met with Human Resources representative Jean Michaud and reported discriminatory behavior that Plaintiff was enduring in her department.

**ANSWER: Admitted only that Plaintiff met with Human Resources representative Jean Michaud regarding benefits and complained to her.**

**Denied as untrue that the complaint was related to anything discriminatory in nature.**

43. Human Resources did not conduct a meaningful investigation or take meaningful action on Plaintiff's behalf.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact. By way of further answer, Plaintiff asked that her complaint remain confidential.**

44. In June 2023, Plaintiff met with Jean Michaud and shared that she felt unsupported since Jason Pechawer became involved with her department.

**ANSWER: Neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her proofs.**

45. During the week of May 27, 2024, Plaintiff returned from vacation to an email and discussion concerning two defendants who remained in jail after bench-warrant arraignment arrangements were not completed.

**ANSWER: Neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her proofs.**

46. Plaintiff understood that one defendant had remained in jail approximately three to four weeks and another defendant had remained in jail approximately four to six weeks.

**ANSWER: Neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her proofs.**

47. Jail staff contacted court personnel regarding the situation.

**ANSWER: Admitted.**

48. Michael Slater advised that he contacted a Judge's Judicial Aide to obtain a show cause hearing date.

**ANSWER: Neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her proofs.**

49. Plaintiff was not the employee who personally handled the bench-warrant arraignment arrangements at issue.

**ANSWER: Neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her proofs.**

50. The bench-warrant arraignment task had belonged to a staff person who had been moved to another department, although the task remained within Plaintiff's department.

**ANSWER: Neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her proofs.**

51. The relevant 2017 policy did not provide instructions explaining how staff should proceed if arrangements made at the time of arraignment were not completed.

**ANSWER: Neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her proofs.**

52. The responsibility to update, review, and clarify the 2017 policy belonged to Administration.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact. By way of further answer, Plaintiff was directed to update department policies repeatedly, as stated in her annual performance reviews.**

53. The bench warrant arraignment orders were hand delivered, discussed, and signed by Judges.

**ANSWER: Neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her proofs.**

54. Changes to the bench-warrant arraignment process were made by Administration and Judges, including changes concerning whether defendants would be transported from the jail to court for arraignments.

**ANSWER: Neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her proofs.**

55. Those changes were not added to the written policy as formal updates.

**ANSWER: Neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her proofs.**

56. Defendant later referred to certain email-based process changes as best practices, even though they had not been incorporated into the written policy used to judge Plaintiff.

**ANSWER: Neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her proofs.**

57. Plaintiff's former employee became an Administrative Assistant for Chad Kewish and had knowledge that could have assisted Administration in understanding the process because that employee had performed the relevant work for years.

**ANSWER: Neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her proofs.**

58. Rather than conduct a balanced review of the process, Defendant targeted Plaintiff as the supervisor and moved rapidly toward discipline.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact.**

59. Plaintiff does not know how Nigel Crum became involved in the issue.

**ANSWER: Neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her proofs.**

60. Nigel Crum called Michael Slater and asked Slater to meet regarding the matter.

**ANSWER: Neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her proofs.**

61. Michael Slater stated that Nigel Crum wanted to discuss the matter with Plaintiff.

**ANSWER: Neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her proofs.**

62. Michael Slater placed the call on speaker, and Plaintiff advised Nigel Crum that she was scheduled to do something else and was unable to meet at that time.

**ANSWER: Neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her proofs.**

63. Nigel Crum responded sharply that Plaintiff could go ahead because he had asked to meet with Michael Slater.

**ANSWER: Neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her proofs.**

64. Michael Slater appeared puzzled as to why Nigel Crum did not want to speak with Plaintiff, who was the supervisor.

**ANSWER: Neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her proofs.**

65. During the first week of June 2024, Nigel Crum met with Plaintiff's staff separately.

**ANSWER: Neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted therein and therefore leaves Plaintiff to her proofs.**

66. Plaintiff and her staff were never brought together in a meeting, discussion, or investigation concerning the matter.

**ANSWER: Neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted herein and therefore leaves Plaintiff to her proofs.**

67. Plaintiff's first meeting was with Chad Kewish and Amanda Morse.

**ANSWER: Neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted herein and therefore leaves Plaintiff to her proofs.**

68. Amanda Morse began by asking general questions about the process, but Chad Kewish took over the discussion.

**ANSWER: Neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted herein and therefore leaves Plaintiff to her proofs.**

69. Chad Kewish drilled and questioned Plaintiff in a threatening tone.

**ANSWER: Denied as untrue that Mr. Kewish used "a threatening tone." As for the remaining allegations in this paragraph, neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted herein and therefore leaves Plaintiff to her proofs.**

70. At the end of the discussion, Chad Kewish stated that Plaintiff was not to discuss the matter with anyone until the investigation was complete.

**ANSWER: Neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted herein and therefore leaves Plaintiff to her proofs.**

71. Plaintiff asked Chad Kewish what investigation he was referring to.

**ANSWER: Neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted herein and therefore leaves Plaintiff to her proofs.**

72. Chad Kewish responded that it was an administrative investigation to determine how to proceed.

**ANSWER: Neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted herein and therefore leaves Plaintiff to her proofs.**

73. A later meeting with Plaintiff included Nigel Crum in addition to Chad Kewish and Amanda Morse.

**ANSWER: Neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted herein and therefore leaves Plaintiff to her proofs.**

74. Nigel Crum made condescending comments to Plaintiff, including comments referencing the 2017 policy and stating that he never knew what the Finance Unit did.

**ANSWER: Denied as an untrue that Mr. Crum made condescending comments to Plaintiff. As for the remaining allegations, neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted herein and therefore leaves Plaintiff to her proofs.**

75. Chad Kewish was angry and handled the discussion unprofessionally.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact.**

76. Chad Kewish took the discussion personally and asked Plaintiff how she felt knowing the defendants were in jail for that length of time.

**ANSWER: Neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted herein and therefore leaves Plaintiff to her proofs.**

77. When Plaintiff hesitated, Chad Kewish snapped that it was not a hard question to answer.

**ANSWER: Denied as untrue that Mr. Kewish "snapped" at Plaintiff. As for the remaining allegations, neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted herein and therefore leaves Plaintiff to her proofs.**

78. The investigation was conducted by administrators who were not in their roles when the 2017 policy was last updated.

**ANSWER: Neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted herein and therefore leaves Plaintiff to her proofs.**

79. Those administrators lacked full knowledge of the written and unwritten process changes that occurred after 2017.

**ANSWER: Neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted herein and therefore leaves Plaintiff to her proofs.**

80. Defendant did not fairly consider that Administration and Judges were responsible for changes to the process and for updating policies.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact.**

81. Defendant did not fairly consider that the policy did not instruct Plaintiff or staff how to proceed when arraignment arrangements were not completed.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact.**

82. Defendant did not fairly consider that Plaintiff was returning from vacation when she learned of the issue.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact.**

83. Defendant did not fairly consider that other employees and administrators had direct responsibility for the process, the policy, or the alleged failures.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact.**

84. Upon information and belief, employees outside Plaintiff's protected classes and employees with less tenure were not subjected to the same rushed investigation, reprimand, and termination for comparable process failures.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact.**

85. Upon information and belief, male employees and administrators who shared responsibility for the process, policy, or alleged failures were treated more favorably than Plaintiff.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact. By way of further answer, denied as untrue that there are any similarly situated male employees and administrators.**

86. Upon information and belief, non-Black employees and administrators who shared responsibility for the process, policy, or alleged failures were treated more favorably than Plaintiff.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact.**

87. Upon information and belief, younger and less-tenured employees and administrators who shared responsibility for the process, policy, or alleged failures were treated more favorably than Plaintiff.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact.**

88. On June 13, 2024, Plaintiff received and signed a reprimand.

**ANSWER: Denied as untrue. By way of further answer, on June 13, 2024, Plaintiff was issued a written Notice of Pre-Determination Meeting.**

89. After receiving the reprimand, Plaintiff contacted Jean Michaud by email and asked for help because she felt threatened.

**ANSWER: Denied as untrue that Plaintiff received a "reprimand." As for the remaining allegations, neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted herein and therefore leaves Plaintiff to her proofs.**

90. Jean Michaud responded that because the matter was an investigation, Plaintiff would have to share her concerns with Amanda Morse.

**ANSWER: Neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted herein and therefore leaves Plaintiff to her proofs.**

91. On the morning of June 14, 2024, Plaintiff prepared a detailed response to each item in the reprimand and sent a letter to Amanda Morse by email.

**ANSWER: Admitted only that on June 14, 2024 Plaintiff provided a written response, dated June 13, 2024, to the Notice of Pre-determination meeting.**

92. Plaintiff stated in the email that she did not feel comfortable meeting under the circumstances.

**ANSWER: No answer is required; the document speaks for itself.**

93. Plaintiff was confused because the reprimand stated that she could bring someone to the meeting, while Human Resources stated it would not be involved and Chad Kewish had instructed Plaintiff not to discuss the matter with anyone until the investigation was complete.

**ANSWER: Neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted herein and therefore leaves Plaintiff to her proofs.**

94. Plaintiff's detailed response was not placed in her Human Resources file with the reprimand.

**ANSWER: Neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted herein and therefore leaves Plaintiff to her proofs.**

95. On the afternoon of June 14, 2024, Plaintiff arrived at work and Amanda Morse called twice asking Plaintiff to meet.

**ANSWER: Denied as untrue that Plaintiff arrived at work on June 14, 2024 in the afternoon. Admitted only that Ms. Morse contacted Plaintiff about her failure to appear for the scheduled pre-determination meeting. As for the remaining allegations, neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted herein and therefore leaves Plaintiff to her proofs.**

96. Plaintiff responded both times that she was not comfortable and had already sent the email response.

**ANSWER: Admitted only that Plaintiff refused to attend the pre-determination meeting and instead chose to rely on her written submission. As for the remaining allegations, neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted herein and therefore leaves Plaintiff to her proofs.**

97. Later that day, Chad Kewish stormed into Plaintiff's office with Amanda Morse behind him.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact in the form and format pleaded.**

98. Chad Kewish and Amanda Morse presented paperwork stating that Defendant was an at-will employer and that Plaintiff was terminated.

**ANSWER: Admitted. The document speaks for itself.**

99. Chad Kewish did not close Plaintiff's office door while terminating her, and the termination was not handled confidentially.

**ANSWER: Neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted herein and therefore leaves Plaintiff to her proofs.**

100. As Plaintiff tried to gather her belongings, Amanda Morse asked whether Plaintiff's calendar belonged to the County.

**ANSWER: Neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted herein and therefore leaves Plaintiff to her proofs.**

101. Plaintiff was not given a meaningful opportunity to collect her personal belongings from two offices after twenty years of service.

**ANSWER: Neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted herein and therefore leaves Plaintiff to her proofs.**

102. Chad Kewish snapped at Plaintiff and stated that she could pick up her belongings from Human Resources.

**ANSWER: Denied as an untrue that Chad Kewish "snapped" at Plaintiff. As for the remaining allegations in this paragraph, neither admitted, nor denied,**

**as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted herein and therefore leaves Plaintiff to her proofs.**

103. Defendant terminated Plaintiff within approximately three to four weeks of the issue arising and within one day of Plaintiff seeking help from Human Resources and submitting a written response disputing the reprimand.

**ANSWER: Admitted that Defendant terminated Plaintiff. As for the remaining allegations in this paragraph, neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted herein and therefore leaves Plaintiff to her proofs.**

104. Defendant's stated reasons for terminating Plaintiff were false, incomplete, and/or insufficient to justify the severe and rushed termination imposed.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact.**

105. Defendant used the bench-warrant arraignment issue as a pretext to remove Plaintiff from employment after twenty years of service.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact.**

106. After termination, Plaintiff appealed Defendant's refusal to pay her accumulated vacation and sick time.

**ANSWER: Admitted that Plaintiff "appealed" to settle the dispute with the County. By way of further answer, denied that Plaintiff was entitled to such payout.**

107. In that appeal, Plaintiff stated that, as a Black woman over the age of forty, her rights had been violated under the Elliott-Larsen Civil Rights Act.

**ANSWER: The document speaks for itself. Denied that Defendant violated the Elliott-Larsen Civil Rights Act.**

108. Plaintiff also stated in the appeal that she had met with Jean Michaud and reported discriminatory behavior that she was enduring in her department, but no investigation was conducted and no action was taken on her behalf.

**ANSWER: The document speaks for itself. Denied as untrue that Plaintiff reported any discriminatory behavior.**

109. On or about December 16, 2024, Defendant responded by offering to pay Plaintiff 240 hours of annual leave only if she signed a Resignation Agreement and Waiver of Claims.

**ANSWER: Admitted only that in a letter dated December 16, 2024, Defendant responded to Plaintiff's settlement demand/appeal. The document speaks for itself.**

110. The proposed agreement sought to characterize Plaintiff's June 14, 2024 termination as an irrevocable voluntary resignation effective June 14, 2024.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact. Admitted only that in a letter dated December 16, 2024, Defendant responded to Plaintiff's settlement demand/appeal. The document speaks for itself.**

111. The proposed agreement also sought a release of claims based on race, age, sex, and other protected characteristics.

**ANSWER: The document speaks for itself.**

112. Plaintiff did not voluntarily resign from her employment on June 14, 2024.

**ANSWER: Admitted.**

113. Plaintiff did not waive her discrimination claims against Defendant.

**ANSWER: Neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted herein and therefore leaves Plaintiff to her proofs.**

114. Defendant's attempt to condition payment of earned leave on a resignation and waiver caused additional damages and reflected Defendant's effort to avoid responsibility for the termination.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact. Further denied that Plaintiff was entitled to these benefits upon her termination for misconduct.**

115. As a direct and proximate result of Defendant's conduct, Plaintiff suffered lost wages, lost benefits, unpaid earned benefits, emotional distress, humiliation, embarrassment, loss of professional standing, and other damages.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact.**

**COUNT I**

**Race Discrimination in Violation of Title VII**

116. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

**ANSWER: Defendant hereby incorporates by reference all preceding paragraphs as though fully set forth herein.**

117. Plaintiff is African American/Black and is a member of a protected class based on race.

**ANSWER: Admitted.**

118. Plaintiff was qualified for her position and performed her work satisfactorily.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact.**

119. Defendant subjected Plaintiff to adverse employment actions, including unequal treatment, a one-sided investigation, a reprimand, and termination.

**ANSWER: Admitted only that Defendant terminated Plaintiff. As for the remaining allegations, denied as an untrue, inaccurate, and incomplete statement of fact.**

120. Defendant treated similarly situated non-Black employees more favorably and/or treated Plaintiff in a manner that supports an inference of race discrimination.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact.**

121. Defendant's stated reasons for disciplining and terminating Plaintiff were false, incomplete, and pretextual.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact.**

122. Plaintiff's race was a motivating factor in Defendant's decision to discipline and terminate her.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact.**

123. Defendant's conduct violated Title VII of the Civil Rights Act of 1964.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact.**

124. Plaintiff suffered damages as a direct and proximate result of Defendant's unlawful conduct.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact.**

**COUNT II**

**Sex Discrimination in Violation of Title VII**

125. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

**ANSWER: Defendant hereby incorporates by reference all preceding paragraphs as though fully set forth herein.**

126. Plaintiff is female and is a member of a protected class based on sex.

**ANSWER: Admitted.**

127. Plaintiff was qualified for her position and performed her work satisfactorily.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact.**

128. Defendant subjected Plaintiff to adverse employment actions, including unequal treatment, a one-sided investigation, a reprimand, and termination.

**ANSWER: Admitted only that Defendant terminated Plaintiff. As for the remaining allegations, denied as an untrue, inaccurate, and incomplete statement of fact.**

129. Defendant treated similarly situated male employees more favorably and/or treated Plaintiff in a manner that supports an inference of sex discrimination.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact.**

130. Defendant's stated reasons for disciplining and terminating Plaintiff were false, incomplete, and pretextual.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact.**

131. Plaintiff's sex was a motivating factor in Defendant's decision to discipline and terminate her.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact.**

132. Defendant's conduct violated Title VII of the Civil Rights Act of 1964.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact.**

133. Plaintiff suffered damages as a direct and proximate result of Defendant's unlawful conduct.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact.**

## COUNT III

### Race Discrimination in Violation of the Elliott-Larsen Civil Rights Act

134. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

**ANSWER: Defendant hereby incorporates by reference all preceding paragraphs as though fully set forth herein.**

135. Plaintiff is African American/Black and is a member of a protected class based on race.

**ANSWER: Admitted.**

136. Defendant was prohibited from discriminating against Plaintiff in the terms, conditions, and privileges of employment because of race.

**ANSWER: This paragraph states a conclusion of law for which no answer is required from Defendant. To the extent an answer is required, denied that Defendant engaged in any discrimination.**

137. Defendant subjected Plaintiff to adverse employment actions, including unequal treatment, a one-sided investigation, a reprimand, and termination.

**ANSWER: Admitted only that Defendant terminated Plaintiff. As for the remaining allegations, denied as an untrue, inaccurate, and incomplete statement of fact.**

138. Defendant treated similarly situated non-Black employees more favorably and/or otherwise acted in a manner that supports an inference of race discrimination.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact.**

139. Defendant's stated reasons for disciplining and terminating Plaintiff were false, incomplete, and pretextual.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact.**

140. Plaintiff's race was a motivating and/or substantial factor in Defendant's decision to discipline and terminate her.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact.**

141. Defendant's conduct violated the Elliott-Larsen Civil Rights Act.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact.**

142. Plaintiff suffered damages as a direct and proximate result of Defendant's unlawful conduct.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact.**

## COUNT IV

### Sex Discrimination in Violation of the Elliott-Larsen Civil Rights Act

143. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

**ANSWER: Defendant hereby incorporates by reference all preceding paragraphs as though fully set forth herein.**

144. Plaintiff is female and is a member of a protected class based on sex.

**ANSWER: Admitted.**

145. Defendant was prohibited from discriminating against Plaintiff in the terms, conditions, and privileges of employment because of sex.

**ANSWER: This paragraph states a conclusion of law for which no answer is required from Defendant. To the extent an answer is required, denied that Defendant engaged in any discrimination.**

146. Defendant subjected Plaintiff to adverse employment actions, including unequal treatment, a one-sided investigation, a reprimand, and termination.

**ANSWER: Admitted only that Defendant terminated Plaintiff. As for the remaining allegations, denied as an untrue, inaccurate, and incomplete statement of fact.**

147. Defendant treated similarly situated male employees more favorably and/or otherwise acted in a manner that supports an inference of sex discrimination.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact.**

148. Defendant's stated reasons for disciplining and terminating Plaintiff were false, incomplete, and pretextual.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact.**

149. Plaintiff's sex was a motivating and/or substantial factor in Defendant's decision to discipline and terminate her.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact.**

150. Defendant's conduct violated the Elliott-Larsen Civil Rights Act.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact.**

151. Plaintiff suffered damages as a direct and proximate result of Defendant's unlawful conduct.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact.**

## COUNT V

### Age Discrimination in Violation of the Elliott-Larsen Civil Rights Act

152. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

**ANSWER: Defendant hereby incorporates by reference all preceding paragraphs as though fully set forth herein.**

153. Plaintiff was over the age of forty at the time of her termination and is a member of a protected class based on age.

**ANSWER: Admitted.**

154. Defendant was prohibited from discriminating against Plaintiff in the terms, conditions, and privileges of employment because of age.

**ANSWER: This paragraph states a conclusion of law for which no answer is required from Defendant. To the extent an answer is required, denied that Defendant engaged in any discrimination.**

155. Defendant subjected Plaintiff to adverse employment actions, including unequal treatment, a one-sided investigation, a reprimand, and termination.

**ANSWER: Admitted only that Defendant terminated Plaintiff. As for the remaining allegations, denied as an untrue, inaccurate, and incomplete statement of fact.**

156. Defendant treated younger and/or less-tenured employees more favorably and/or otherwise acted in a manner that supports an inference of age discrimination.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact.**

157. Defendant's stated reasons for disciplining and terminating Plaintiff were false, incomplete, and pretextual.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact.**

158. Plaintiff's age was a motivating and/or substantial factor in Defendant's decision to discipline and terminate her.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact.**

159. Defendant's conduct violated the Elliott-Larsen Civil Rights Act.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact.**

160. Plaintiff suffered damages as a direct and proximate result of Defendant's unlawful conduct.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact.**

## COUNT VI

### Retaliation in Violation of the Elliott-Larsen Civil Rights Act

161. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

**ANSWER: Defendant hereby incorporates by reference all preceding paragraphs as though fully set forth herein.**

162. Plaintiff engaged in protected activity by reporting discriminatory treatment and discriminatory behavior to Human Resources during her employment.

**ANSWER: Neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted herein and therefore leaves Plaintiff to her proofs.**

163. Plaintiff also sought help from Human Resources after receiving the June 13, 2024 reprimand and before she was terminated on June 14, 2024.

**ANSWER: Neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted herein and therefore leaves Plaintiff to her proofs.**

164. Defendant knew of Plaintiff's protected activity and complaints.

**ANSWER: Neither admitted, nor denied, as Defendant lacks information sufficient to form a belief as to the truth of the matter asserted herein and therefore leaves Plaintiff to her proofs.**

165. Defendant failed to conduct a meaningful investigation or take meaningful corrective action on Plaintiff's behalf.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact.**

166. Defendant subjected Plaintiff to adverse employment actions after her protected activity, including unequal treatment, a one-sided investigation, a reprimand, and termination.

**ANSWER: Admitted only that Defendant terminated Plaintiff. As for the remaining allegations, denied as an untrue, inaccurate, and incomplete statement of fact.**

167. The close timing, one-sided process, ignored complaints, and pretextual reasons support a causal connection between Plaintiff's protected activity and Defendant's adverse employment actions.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact.**

168. Defendant's conduct violated the Elliott-Larsen Civil Rights Act.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact.**

169. Plaintiff suffered damages as a direct and proximate result of Defendant's unlawful conduct.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact.**

## COUNT VII

### Unpaid Wages and Fringe Benefits Under Michigan Law

170. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

**ANSWER: Defendant hereby incorporates by reference all preceding paragraphs as though fully set forth herein.**

171. Plaintiff earned wages and fringe benefits during her employment, including accrued vacation, sick time, and/or annual leave benefits.

**ANSWER: Admitted that Plaintiff had accumulated vacation and/or sick time for use consistent with the County personnel handbook.**

172. After Defendant terminated Plaintiff, Defendant refused to pay Plaintiff all earned wages and fringe benefits owed to her.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact. Denied as untrue that Plaintiff is entitled to the unused accumulated sick time and/or vacation time she seeks.**

173. Plaintiff appealed Defendant's refusal to pay her accumulated vacation and sick time.

**ANSWER: Admitted only that Plaintiff demanded payout of accumulated vacation and sick time as a settlement demand and appeal. The document speaks for itself.**

174. Defendant offered to pay 240 hours of annual leave only if Plaintiff signed a resignation agreement and waiver of claims.

**ANSWER: Admitted only that Defendant responded to Plaintiff's settlement demand. The documents speak for themselves.**

175. Defendant had no lawful basis to condition payment of earned wages or accrued fringe benefits on Plaintiff's agreement to waive discrimination claims or falsely characterize her termination as a voluntary resignation.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact.**

176. Defendant's failure to pay all earned wages and fringe benefits violated Michigan law, including Michigan's Payment of Wages and Fringe Benefits Act, MCL 408.471 et seq.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact.**

177. Plaintiff suffered damages as a direct and proximate result of Defendant's unlawful conduct.

**ANSWER: Denied as an untrue, inaccurate, and incomplete statement of fact.**

## PRAYER FOR RELIEF

178. WHEREFORE, Defendant respectfully requests this Honorable Court to dismiss Plaintiff's Complaint and enter a judgment in favor of Defendant, together with an award of costs and attorney fees wrongfully incurred.

## DEMAND FOR JURY TRIAL

179. Defendant hereby relies upon the Demand for Trial by Jury filed by Plaintiff in the above-entitled cause of action.

Respectfully Submitted,

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.

Dated: October 19, 2026

*/s/ Kristen L. Rewa*
Allan C. Vander Laan (P33893)
Kristen L. Rewa (P73043)
Attorneys for Defendant

## AFFIRMATIVE DEFENSES

NOW COMES Defendant, Kalamazoo County, and hereby gives notice it may establish by way of motion, at trial or otherwise, the following Affirmative Defenses:

1. Plaintiff failed to state a claim upon which relief can be granted.
2. Plaintiff's claims fail because Defendant had a legitimate, nondiscriminatory reason for the actions it took.
3. Some or all of the damages requested by Plaintiff are not recoverable.
4. Punitive damages are not allowable on some or all of the counts and theories pled in the Complaint.
5. Defendant is entitled to a set-off to the extent Plaintiff has recovered from collateral sources of compensation.
6. Defendant relies on all defenses available under the Elliott-Larsen Civil Rights Act.
7. Plaintiff may have failed to mitigate her claimed damages.
8. Plaintiff is not entitled to liquidated damages for some or all of her claims.
9. Plaintiff's claims are barred by the wrongful conduct rule. Her conduct and omissions resulted in violation of court policy, which resulted in the incarceration of individuals without adequate protection for their due process rights.
10. Plaintiff failed to file an administrative charge with the EEOC and/or the MDCR related to some allegations and/or claims asserted in this lawsuit.

11. Plaintiff's complaint is untimely. Plaintiff withdrew her EEOC/MDCR complaint, which resulted in the MDCR issuing a Notice of Disposition and Order of Dismissal dated February 12, 2026.

12. At all times relevant, Defendant acted in good faith and with reasonable grounds to believe it was following the law with regard to Plaintiff's employment.

13. Defendant reserves the right to add to, supplement, change or amend any and all of its Affirmative Defenses as facts become known through discovery.

Respectfully Submitted,

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.

Dated: October 19, 2026

*/s/ Kristen L. Rewa*
Allan C. Vander Laan (P33893)
Kristen L. Rewa (P73043)
Attorneys for Defendant